NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCEANSIDE HEALTH PRODUCTS, LLC, a California limited liability company,

        Plaintiff-Appellant,

  v.

DVIR DERI, LLC, DBA Prime Global, a New Jersey limited liability company,

        Defendant-Appellee.

No.   23-55481

D.C. No.
8:23-cv-00008-DOC-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

OCEANSIDE HEALTH PRODUCTS, LLC, a California limited liability company,

        Plaintiff-Appellant,

  v.

INSTOCK GOODIES, INC., a New York corporation,

        Defendant-Appellee.

No.   23-55482

D.C. No.
8:23-cv-00266-CJC-DFM

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 12, 2024
Pasadena, California

Before: SILER,[**] GOULD, and BEA, Circuit Judges.

Plaintiff-Appellant Oceanside Health Products, LLC ("Oceanside") appeals two district court orders that dismissed its claims in two separate cases for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). These separate appeals involve similar legal issues and accordingly were consolidated at oral argument. We have jurisdiction to review the district courts' orders pursuant to 28 U.S.C. § 1291. We conclude that Oceanside has established that Defendants expressly aimed their conduct at California under *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091–96 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 693 (2024), which was decided after the district courts dismissed these cases. Because the district courts concluded Defendants had not expressly aimed their conduct at California, we reverse and remand for further proceedings.

Oceanside sued Dvir Deri, LLC, a New Jersey company, and InStock Goodies, Inc., a New York corporation, (collectively, "Defendants") in separate

---

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

actions in the U.S. District Court for the Central District of California. Oceanside's claims in these actions arise from alleged trademark infringement. Oceanside alleges it has an exclusive distribution agreement with Detoxify, LLC, the purported owner of a registered "Detoxify" mark. Oceanside alleges it has a Limited Power of Attorney from Detoxify to initiate legal actions on Detoxify's behalf.[1] Oceanside further alleges Defendants unlawfully sell "detoxification products" that infringe the Detoxify mark through storefronts on Amazon.com. In both actions, Defendants moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2). The district courts granted Defendants' motions. Both courts relied on findings that Defendants had not expressly aimed their conduct at California, the forum state.

We review de novo a district court's determination that it lacks personal jurisdiction over a defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where "there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Id.*; *see* Fed. R. Civ. P. 4(k)(1)(A). California courts exercise

---

[1] Defendants raise for the first time on appeal that Oceanside lacks statutory standing for its sole federal claim arising under federal trademark law because Oceanside lacks a sufficient interest in the trademark to have a cause of action under the Lanham Act. Because Defendants did not raise this argument before the district courts, it is not properly before this court on appeal. *See Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1090 (9th Cir. 2012). Thus, we deny Defendants' motions to take judicial notice of the purported Detoxify trademark assignment. No. 23-55481, Dkt. 17, Exh. 1; No. 23-55482, Dkt. 17, Exh. 1.

jurisdiction to the same extent as that permitted under the federal Constitution, so the applicable jurisdictional analysis is that of federal due process. *Schwarzenegger*, 374 F.3d at 800–01; Cal. Civ. Proc. Code § 410.10 (West 2024).

Federal due process requires that a nonresident defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Here, the parties do not dispute that Defendants are not subject to general jurisdiction in California, so the only issue is whether Defendants are subject to specific jurisdiction. We use a three-prong test for analyzing claims of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden on the first two prongs. *Id.* The district courts dismissed these cases after they concluded Oceanside failed to establish the first prong.

4

"The first prong of the specific-jurisdiction inquiry encompasses two separate concepts: 'purposeful availment' and 'purposeful direction.'" *Herbal Brands*, 72 F.4th at 1090 (quoting *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020)). We apply the "purposeful direction" test when the claim is based on intentional torts, as is the case here. *See id.* at 1090–91. "We evaluate purposeful direction under the three-part 'effects' test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984)." *Schwarzenegger*, 374 F.3d at 803. "The *Calder* effects test asks whether the defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Herbal Brands*, 72 F.4th at 1091 (internal quotation marks omitted). The parties do not dispute that the conduct at issue constitutes intentional acts, so we turn to the second *Calder* element.

Oceanside has established that Defendants expressly aimed their conduct at California under *Herbal Brands*.[2] In *Herbal Brands*, we held that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant 'expressly aimed' its

---

[2] Defendants move for us to take judicial notice of the complaint in *Herbal Brands*. We are bound by that opinion as written, so we deny Defendants' motions to take judicial notice of the *Herbal Brands* complaint. No. 23-55481, Dkt. 17, Exh. 2; No. 23-55482, Dkt. 17, Exh. 2.

conduct at that forum." *Id.* at 1093. We emphasized two provisos of that holding: (1) "the sales must occur as part of the defendant's regular course of business instead of being 'random, isolated, or fortuitous,'" *id.* at 1094 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)); and (2) "the defendant must exercise some level of control over the ultimate distribution of its products beyond simply placing its products into the stream of commerce," *id.*

Here, the "express aiming" element is satisfied for the same reasons articulated in *Herbal Brands*. First, the online sales of Detoxify products are alleged to have occurred in the regular course of Defendants' business. Defendants concede that they are in the business of selling consumer goods through their Amazon storefronts on Amazon.com in the regular course of their business. And Oceanside alleges it is the sale of those goods that interferes with its interests in the Detoxify trademark. Defendants argue that Oceanside does not allege Defendants' sales of Detoxify products *into California* occurred in their regular course of business. That argument is unavailing because the relevant inquiry for express aiming is whether selling these products using Amazon.com occurred as part of Defendants' regular course of business—that is, the total volume of online sales, both in and out of the forum. *See Herbal Brands*, 72 F.4th at 1094. Therefore, the allegedly infringing sales occurred in Defendants' regular course of business.

Second, Defendants exercised control over the ultimate distribution of their

products in California. In *Herbal Brands*, we found that utilizing "Fulfillment by Amazon" constituted the defendants' exercise of control over distribution: "they created and maintained a distribution network that reached the relevant forum by choosing to operate on a universally accessible website that accepts orders from residents of all fifty states and delivers products to all fifty states." *Id.* at 1094–95. Because the description of "Fulfillment by Amazon" here is consistent with the *Herbal Brands* court's description, this panel is bound by that court's determination. *See id.* at 1092 n.4. As a result, Defendants "expressly aimed" their conduct at California.

Because the district courts did not consider the third *Calder* element, nor the other two prongs of our specific jurisdiction analysis, we remand for the district courts to do so in the first instance. The district courts should allow for leave to amend and jurisdictional discovery as appropriately requested.

**REVERSED** and **REMANDED**.[3]

---

[3] Each party shall bear its own costs related to this appeal.